UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JOHN BYRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:17-cv-65 |
| | ) |
| INDIANA PACKERS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, John Byrum ("Byrum"), brings this action against Defendant, Indiana Packers Corporation ("Defendant"), for unlawfully violating his rights as protected by the Americans With Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act, and 42 U.S.C. § 1981.

## PARTIES

2. Byrum has resided within the Northern District of Indiana at all relevant times.

3. Defendant is a corporation doing business within the Northern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 12117; 42 U.S.C. § 1981; and 29 U.S.C. § 626(c).

5. Byrum is an "employee" within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 630(f), and 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A), 29 U.S.C. § 630(b), and 42 U.S.C. § 2000e(b).

7. Byrum satisfied his obligations to exhaust his administrative remedies, having

timely filed two Charges of Discrimination with the Equal Employment Opportunity Commission.  The EEOC issued right-to-sue notices on the Charges to Byrum.  He now timely files his lawsuit.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Byrum is over the age of 50.

10. Defendant hired Byrum to be an Electrician in or about March 2007.

11. Byrum applied for and/or inquired several times about being promoted to Crew Leader on or before June 30, 2016.

12. Defendant did not promote Byrum to Crew Leader.

13. Defendant promoted other lesser-qualified employees, who are substantially younger, to Crew Leader positions.

14. Byrum's qualifications for the positions met, and even exceeded, Defendant's legitimate expectations.

15. In or about February 2016, Defendant experienced a production issue and sent nearly all of its employees home from work until the issue could be fixed.

16. Supervisor Doug Drapper ("Drapper") informed Byrum that all employees had been permitted to go home.

17. Byrum, however, remained at work and attempted to locate and fix the issue.  He had worked nearly 11.5 hours, and his impairment flared up causing him significant pain.

18. Byrum asked Crew Leader James Lowe ("Lowe") that he be permitted to go home along with the other employees because he was having significant difficulty walking and could

no longer climb the stairs due to his impairment.

19. Byrum's request constituted a request for an accommodation and was, therefore, statutorily-protected activity.

20. Lowe rejected his request.

21. Byrum left because of his impairment and the debilitating pain arising therefrom.

22. Defendant subsequently suspended Byrum for five days for purportedly leaving without permission.

23. Defendant has accorded more favorable treatment to similarly-situated employees, who are substantially younger and/or have not engaged in statutorily-protected activities. The employees who left work without permission include, but are not limited to: Chad Kleneninger, Jason Guest, and Jesus Reconies.

24. On or about June 30, 2016, Byrum filed a Charge of Discrimination against Defendant with the EEOC, alleging violations of his rights as protected by the ADA, Title VII, and the ADEA.

25. Byrum applied for three posted Crew Leader positions in or about November 2016.

26. Byrum's qualifications for the positions met, and even exceeded, Defendant's legitimate expectations.

27. In or about December 2016, Defendant promoted three other employees – Miguel Garcia ("Garcia"), Alan Lowery ("Lowery"), and Cody Kennedy ("Kennedy") – to the Crew Leader jobs.

28. Garcia, Lowery, and Kennedy have lesser qualifications, seniority, and experience

than Byrum.

29. Garcia, Lowery, and Kennedy are substantially younger and/or have not engaged in statutorily-protected conduct.

30. Defendant promoted at least one other employee to Crew Leader without posting the job.

31. Defendant has taken adverse actions against Byrum based on his age and/or engagement in statutorily-protected activities.

32. All reasons proffered by Defendant for adverse actions taken by it regarding Byrum's employment are pretextual.

33. Byrum has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

## RETALIATION – ADA

34. Byrum hereby incorporates paragraphs 1-33 of his Complaint.

35. Byrum engaged in statutorily-protected activities.

36. Defendant took adverse employment actions against Byrum in retaliation for his engagement in statutorily-protected activities, including asking for an accommodation and filing a Charge of Discrimination.

37. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Byrum's rights as protected by the ADA.

## COUNT II

## RETALIATION – 42 U.S.C. § 1981

38. Byrum hereby incorporates paragraphs 1-37 of his Complaint.

39. Bryum engaged in statutorily-protected activities, including filing a Charge of Discrimination.

40. Defendant took adverse employment actions against Byrum in retaliation for his engagement in statutorily-protected activities.

41. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Byrum's rights as protected by 42 U.S.C. § 1981.

## COUNT III

## AGE DISCRIMINATION – ADEA

42. Bryum hereby incorporates paragraphs 1-41 of his Complaint.

43. Defendant took adverse employment actions against Byrum because of his age.

44. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Byrum's rights as protected by the ADEA.

## COUNT IV

## RETALIATION – ADEA

45. Byrum hereby incorporates paragraphs 1-44 of his Complaint.

46. Byrum engaged in statutorily-protected activities, including filing a Charge of Discrimination.

47. Defendant took adverse employment actions against Byrum in retaliation for his engagement in statutorily-protected activities.

48. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Byrum's rights as protected by the ADEA.

## COUNT V

## RETALIATION – TITLE VII

49. Byrum hereby incorporates paragraphs 1-48 of his Complaint.

50. Byrum engaged in statutorily-protected activities, including filing a Charge of Discrimination.

51. Defendant took adverse employment actions against Byrum in retaliation for his engagement in statutorily-protected activities.

52. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Byrum's rights as protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, John Byrum, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Byrum to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Byrum;

3. Defendant pay compensatory and punitive damages to Byrum;

4. Defendant pay liquidated damages to Byrum;

5. Defendant pay pre- and post-judgment interest to Byrum;

6. Defendant pay Byrum's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Byrum any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Shannon L. Melton*
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
John Byrum

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:      (317)955-2570
Email:            jhaskin@jhaskinlaw.com
                     smelton@jhaskinlaw.com

**DEMAND FOR JURY TRIAL**

Plaintiff, John Byrum, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49